IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CRAYOLA PROPERTIES, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:14-CV-00992-BCW |
| ALEX TOYS LLC, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Alex Toys' Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer to the District of New Jersey. The Court heard argument on this motion on December 18, 2014. The Court, being duly advised of the premises, grants said alternative Motion.

## BACKGROUND

Plaintiffs Crayola Properties, Inc. and Crayola LLC (collectively, "Crayola") are wholly-owned subsidiaries of Hallmark Cards, Incorporated, with their principal places of businesses in Easton, Pennsylvania. Crayola Properties, Inc. owns the CRAYOLA mark ("the Mark") for use on creative expression products, like crayons, chalk, clay, and art kits. The Mark is also exclusively licensed to Crayola LLC for use in connection with similar products.

Defendant Alex Toys ("Alex Toys") is a New Jersey company with its principal place of business in Fairfield, New Jersey. Alex Toys has been "[k]nown since 1986 for quality art supplies and crafts for kids [and] has expanded over the years to a lifestyle brand for creative fun." ALEX TOYS, About Alex, http://www.alextoys.com/alex/.

1

Crayola filed claims in this Court for trademark counterfeiting, dilution, and infringement, as well as a claim for unfair competition, against Alex Toys on November 4, 2014. Crayola's claims arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, based upon Crayola's registration and ownership of the Mark.

**DISCUSSION**

Alex Toys seeks dismissal of the suit based on improper venue, or in the alternative, transfer to the United States District Court for the District of New Jersey. Alex Toys' motion to dismiss asserts that this Court is an improper venue for Crayola's claims under both 28 U.S.C. §§ 1391(b) and (c). Alex Toys' alternative motion seeks a transfer to a more convenient forum, pursuant to this Court's limited discretion, as authorized by 28 U.S.C.§ 1404(a) (2014).

Questions of venue are procedural by nature such that federal law applies. Terra Int'l, Inc. v. Mississippi Chemical Corp., 922 F. Supp. 1334, 1357 (N.D. Iowa 1996) (citing Jones v. Weibrecht, 901 F.2d 17, 19 (2d Cir. 1990). Alex Toys' motion based on improper venue requires, at a minimum, factual analysis of where "the events or omissions giving rise to the claim occurred" and a discussion of the court's personal jurisdiction over Alex Toys. See 28 U.S.C. §§ 1391(b), (c) (2014).

By contrast, resolution of the alternative motion to transfer does not implicate analysis of facts that necessarily relate to jurisdiction. Graff v. Qwest Comm's Corp., 33 F. Supp. 2d 1117, 1120-21 (D. Minn. 1999) (citing Coast-to-Coast Stores, Inc. v. Womack-Bowers, Inc., 594 F. Supp. 731, 732 (D. Minn. 1984) ("[T]he court has authority to transfer venue whether or not it has jurisdiction, as long as the action could have originally been brought in the transferee court.")). For this reason, and based on the circumstances of this case overall, the Court considers the alternative motion to transfer first.

2

A district court is authorized to "transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2014). This statute accords discretion to the district court to, within the stated limits, decide a motion to transfer based on the circumstances of the particular case and considerations of fairness and convenience. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

In the exercise of this discretion, the court must undertake a two-step inquiry. First, the court must determine whether the lawsuit at issue could have been initially filed in the forum to which the movant seeks transfer. 28 U.S.C. § 1404(a) (2014). Then, the court considers whether the convenience of the parties, convenience of the witnesses, and interests of justice favor transfer. Terra Int'l v. Mississippi Chemical Corp., 922 F. Supp. 1334, 1356 (N.D. Iowa 1996) (citing Reid-Walen v. Hansen, 933 F.2d 1390, 1396 (8th Cir. 1991)).

In general, a plaintiff's choice of forum is "entitled to great weight, and will not be lightly disturbed." Id. This approach imputes the burden of proof on the party seeking transfer under § 1404(a). To overcome a plaintiff's choice of forum, the movant "must make a convincing showing of the right to transfer." Ozarks Coca-Cola / Dr. Pepper Bottling Co. v. Coca-Cola Co., No. 06-03056-CV-W-GAF, 2006 WL 696461, *4 (W.D. Mo. Mar. 17, 2006) (citing Anheuser-Busch, Inc. v. City Merchandise, 176 F. Supp. 2d 951, 959 (E.D. Mo. 2001)).

Alex Toys seeks transfer to the United States District Court for the District of New Jersey. Alex Toys is a New Jersey citizen such that this lawsuit could have been properly filed there initially. See Biometics, LLC v. New Womyn, Inc., 112 F. Supp. 2d 869, 875 (E.D. Mo. 2000). Crayola does not seem to argue that New Jersey is an improper forum for transfer, but rather relies on its argument Missouri is a proper forum. Whether this case could have been

3

brought in New Jersey does not seem to be in contention. Thus, the Court considers the relevant factors regarding the propriety of a transfer.

The first consideration is the convenience of the parties. If granting Alex Toys' motion would simply shift the inconvenience from Alex Toys to Crayola, this factor should weigh against transfer. See Houk v. Kimberly-Clark Corp., 613 F. Supp. 923, 928 (W.D. Mo. 1985) (citations omitted).

Although a plaintiff's choice of forum is generally entitled to deference, the choice of forum is afforded "significantly less deference when (1) plaintiff does not reside in the selected forum or (2) the transaction or underlying facts did not occur in the chosen forum." Ozarks Coca-Cola, 2006 WL 696461, at *4 (citation omitted).

In this case, Crayola is a Delaware corporation with its principal place of business in Pennsylvania. Because it is not a Missouri resident, Crayola's forum choice is entitled to less deference. Moreover, notwithstanding the parties' citizenship, the facts of this case seem to detract from deference to Crayola's choice of forum. Crayola's claims relate to the infringing use of the Mark. "The operative facts in infringement cases usually relate to the design, development, and production of an infringing product." AEC One Stop Group, Inc. v. CD Listening Bar, Inc., 326 F. Supp. 2d 525, 530 (S.D.N.Y. 2004); see also H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp., 979 F. Supp. 627, 630 (N.D. Ill. 1997). Alex Toys has its principal place of business in New Jersey. Though Alex Toys sells its products nationwide, including in Missouri, the design and development of the allegedly offending packaging occurred in New Jersey where Alex Toys is headquartered. These facts also decrease the deference to which Crayola's forum choice should be accorded.

4

Furthermore, "[c]ourts routinely transfer trademark cases to the district in which the allegedly infringing product was designed and marketed and from which it was sold. Cosmetic Warriors, Ltd. v. Abrahamson, 723 F. Supp. 2d 1102, 1109 (D. Minn. 2010) (citations omitted). Despite the deference generally afforded to plaintiffs regarding where they choose to file a case, the nature and circumstances related to the convenience of the parties tip the balance in Alex Toys' favor with respect to the first factor.

The second factor, the convenience of witnesses, is considered the most important factor in deciding a motion to transfer. Ozarks Coca-Cola, 2006 WL 696461, at *4. This factor concerns the number of witnesses, their locations with respect to the possible forums, and nature of the witnesses' testimonies related to the issues of the case. Id. (citing Midwest Mech. Contractor's Inc. v. Tampa Constructors, Inc., 659 F. Supp. 526, 532 (W.D. Mo. 1987); Houk, 613 F. Supp. at 928).

Crayola is a subsidiary of Hallmark, which is headquartered in Missouri. Crayola argues that as a result, a merits determination of this case will depend upon testimony from local witnesses and documents held by Hallmark. However, neither party has specifically identified witnesses located in Missouri; the witnesses identified at this stage are located in the northeastern part of the country. Practical considerations with regard to witnesses thus seem to favor the District of New Jersey, which has its courthouse at a location that would be seemingly easier to reach than this Court. With respect to the nature of the witness testimony, this suit turns upon the use of the Mark. Crayola, and not Hallmark, is the registrant of the Mark with the U.S. Patent and Trademark Office. Thus, the convenience of the witnesses favors transfer.

The factors pertaining to general interests of justice include consideration of judicial economy, comparative costs in each forum, obstacles to a fair trial, and advantages to having a

5

Case 4:14-cv-00992-BCW   Document 35   Filed 01/07/15   Page 5 of 7

local court decide questions of local law. Terra Int'l, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 696 (8th Cir. 1997). Crayola's claims mainly arise under the Lanham Act. Because this case involves questions arising mostly under federal law, transfer to the District of New Jersey is unlikely to have a substantial effect on the final outcome of this case. Thus, the Court considers other aspects related to overall justice and fairness.

Crayola argues that maintenance of this case in this Court will allow it accessibility to certain records kept at its parent company's local headquarters. To the extent Crayola requires access to documents stored in Missouri, transfer to New Jersey will not preclude access but will more likely require different preparation in the form of document duplication and/or electronic storage. See Houk, 613 F. Supp. at 932. Moreover, it is likely that both parties' headquarters maintain records and materials related to the Mark, such that transfer to New Jersey would seem to facilitate the discovery process, if only in geographical sense. See Mariah Publ'ns, Inc. v. World Wide Ski Corp., No. 89 C 8551, 1990 WL 71271, at *3 (N.D. Ill. May 8, 1990).

Additionally, to the extent that Crayola relies upon the nature of its claims to establish that it will be prejudiced by any delay that may result from a transfer, the Court notes that Crayola's motion for injunctive relief has been pending only since November 21, 2014. At this stage, the motion has been fully briefed according to an expedited briefing schedule. Thus, the motion is amenable to an evidentiary hearing at a time convenient for the transferee court that will hear the case on its merits.

Based on all relevant factors, the Court finds that circumstances favor transfer and Alex Toys' alternative motion to transfer to the District of New Jersey is granted. The Court need not address Alex Toys' accompanying motion to dismiss.

## CONCLUSION

For the reasons stated above, the Court concludes that circumstances and principles of convenience favor transfer to the United States District Court for the District of New Jersey. Accordingly, it is hereby

ORDERED Defendant Alex Toys' Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer to the District of New Jersey (Doc. #11) is GRANTED IN PART and DENIED IN PART. The alternative motion for transfer is GRANTED. The motion to dismiss for improper venue is DENIED AS MOOT. It is further

ORDERED the Clerk of the Court shall take all necessary steps to transfer this matter to the United States District Court for the District of New Jersey. All motions pending as of the date of this order shall remain active, pending resolution by the transferee court.

IT IS SO ORDERED.


DATED: January 7, 2015

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT